# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

GREGORY ORTIZ,

        Petitioner,

    v.                                 Case No.  09-C-587

WILLIAM POLLARD,

        Respondent.

## ORDER

Gregory Ortiz filed a petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution.  Petitioner was convicted in Milwaukee County Circuit Court of three counts of burglary and is currently incarcerated at Green Bay Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.  Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases.  During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner's claims all involve his allegation that the prosecutor used another burglary as a "bargaining chip" to obtain petitioner's guilty plea even though DNA evidence cleared petitioner of involvement in that crime. That other burglary was then read-in at petitioner's sentencing. Petitioner appears to assert that the prosecutor's conduct was unfair, and he further claims that his attorney and the court failed to explain to him that dismissed charges could be read-in at sentencing and considered by the sentencing court.

Petitioner was represented by a new attorney during his appeal, and that attorney filed a no-merit report. Petitioner did not object to that report. Accordingly, the court of appeals only considered the voluntariness of his plea and the imposition of the sentence. It found no error. It does not appear that petitioner brought any other post-conviction proceedings, and thus it seems likely that petitioner has failed to exhaust the claims he now raises. *See* § 2254(b)(1)(A); *Pole v. Randolph,* 570 F.3d 922, 934 (7th Cir. 2009) ("Under Section 2254's exhaustion requirement, the petitioner must assert his federal claim through one complete round of state-court review, either on direct appeal or in post-conviction proceedings.") Accordingly, I will order the state to respond to the petition on the exhaustion issue only.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or otherwise responding to the petition. Petitioner may respond within 21 days of the filing of the respondent's motion or other filing.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

2

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

This district's form regarding magistrate judge jurisdiction should be included with copies of this order and returned by the parties as directed on that form.

Dated this _____24th_____ day of August, 2009.


  s/ William C. Griesbach
William C. Griesbach
United States District Judge

3